IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VINCENT KEITH RAINES,

    Plaintiff,

v.                                                CASE NO. 1:13-cv-171-MW-GRJ

RJM ACQUISITIONS LLC,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* Complaint asserting claims pursuant to the Fair Credit Reporting Act and Fair Debt Collections Practices Act. Doc. 1. Plantiff is an inmate in the custody of the Bureau of Prisons serving a 294-month sentence imposed in this Court. *See United States v. Raines*, Case No. 1:04-cr-28-SPM-GRJ. The Court granted Plaintiff leave to proceed as a pauper. Doc. 6.

As a federal prisoner, Plaintiff is subject to the requirements of the Prison Litigation Reform Act. Because Plaintiff did not use the Court's complaint form for federal prisoners, the Court directed Plaintiff to complete the portion of the Court's form pertaining to disclosure of prior lawsuits. Doc. 3. Plaintiff submitted a "supplement" to the Complaint consisting of that portion of the form, which Plaintiff executed under penalty of perjury. Doc. 4. Section IV. C. of the form requires prisoners to disclose whether they have initiated actions in federal or state court "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" Plaintiff checked "Yes" and attached an

"acknowledgment" setting forth only state habeas corpus and federal postconviction motions that he has filed. Doc. 4. Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed. Plaintiff did not check "yes" or "no" but rather inserted the statement "not known at this time." Doc. 4 at 4. Plaintiff also avers under penalty of perjury that he "is not aware of any other actions he may have filed in federal court which may or may not have been dismissed as frivolous, malicious, failing to state a claim, or prior to service." Doc. 4 at 6.

A review of the Court's PACER Case Locator reflects that Plaintiff filed at least ten prisoner civil rights cases while he was incarcerated, primarily in the Middle District of Florida.[1] The Court has compared these prior cases to Plaintiff's state incarceration history on the Florida Department of Corrections website and has confirmed that they were filed by Plaintiff. Although the basis for dismissal cannot be determined in each case from the information available in PACER, it is clear that at least two prior cases count as "strikes" for purposes of 28 U.S.C § 1915(g). *See Raines v. Chapman*, Case No. 2:91-cv-198-WTH (9/11/91) (dismissing complaint as frivolous); *Raines v. Perrin*, Case No. 3:93-cv-1472-HES (8/19/94) (dismissal of appeal by Eleventh Circuit, finding

---

[1] Vincent Keith Raines is identified as the plaintiff in the following Middle District of Florida cases: 2:1991-cv-00198 (closed 10/24/1991); 2:1991-cv-00218 (closed 02/06/1992); 2:1992-cv-00225 (closed 08/04/1992); 2:1993-cv-00236 (closed11/16/1993); 3:1992-cv-01103 (closed 1/01/1993); 2:1993-cv-01472 (closed 11/23/1993); 6:1991-cv-00137 (closed 10/28/1992); 6:1991-cv-00138 (closed 11/04/1992); 8:1989-cv-00218 (closed 05/30/1990); and in the following Southern District case: 2:1991-cv-14147 (closed 08/08/1991).

that appeal was "without arguable merit").

In view of Plaintiff's *pro se* status, the Court afforded him an opportunity to show cause as to why this case should not be dismissed for abuse of the judicial process. Plaintiff filed a response stating that he should be held to a less stringent standard, and that he attempted to obtain his previous case filings through the Institutional Electronic Law Library Computers. Plaintiff states that he sincerely did not recall filing the prior civil cases, which are more than 20 years old, or how the cases were resolved by the courts. Plaintiff contends that since the Court granted him leave to proceed as a pauper with installment fee payments, it would be unfair to require him to forfeit the filing fee because the IFP statute is intended to ensure meaningful access to the federal courts. Doc. 23.

The Court finds under these circumstances that Plaintiff has not shown any excusable cause for his failure to truthfully complete the complaint form. The Court must be able to rely upon the veracity of the allegations and representations in a prisoner complaint. Untruthfulness – for whatever reason – cannot be tolerated. If the Court was to turn a blind-eye to a prisoner's failure to list all other federal litigation, the message would be clear to other prisoners that the requirement to make full disclosure is aspirational only with no consequences. Although the cases that Plaintiff failed to identify are old, all ten of the cases identified by the Court were filed within a relatively short three-year timeframe. It strains credulity to suggest that Plaintiff could not recall filing a large number of civil cases within a short span of time, at least to the extent of being able to truthfully advise the Court that he had filed civil rights cases in the past but was unclear regarding the details.

The Court is further unpersuaded that dismissal of this case would implicate Plaintiff's right of access to court. The Fourteenth Amendment gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ... need [ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al–Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008). Plaintiff brings the claims in this case pursuant to the Fair Credit Reporting Act and Fair Debt Collections Practices Act. The claims asserted do not implicate Plaintiff's right of access to court because such claims are not protected by that right. *See id.*

Accordingly, where as here, it is clear that there is no basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> [A] district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules.

*Id*. (citing *McNeil v. United States,* 508 U.S. 106 (1993)).

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the

statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, dismissal is an appropriate sanction for Plaintiff's failure to disclose ten previous prisoner civil rights cases, including two previous "strikes". This dismissal will also operate as a "strike" pursuant to 28 U.S.C. § 1915(g), and it will be Plaintiff's third strike. It will not, however, prevent Plaintiff from seeking leave to proceed as a pauper in other cases if he can demonstrate that he is "under imminent danger of serious physical injury" pursuant to § 1915(g).

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED** and this case should be **DISMISSED without prejudice** for abuse of the judicial process.

**IN CHAMBERS** this 10th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.